## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY FUSELIER, INDIVIDUALLY AND ON BEHALF OF A CLASS OF ALL OTHERS SIMILARLY SITUATED, | | *Plaintiff,* |
| v. | No. | 1:25cv268 HSO-BWR |
| JOHN S. RISCASSI, IN HIS OFFICIAL CAPACITY AS THE CHIEF OPERATING OFFICER OF THE ARMED FORCES RETIREMENT HOME, | | *Defendant* |

**VERIFIED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Throughout American history, courageous men and women have stepped forward to defend our Nation's freedoms. Plaintiff Johnny Fuselier is one such veteran. In this case, he seeks to vindicate the very rights he and others have sacrificed so much to protect.

2. Of those freedoms, none is more vital than the First Amendment's protection of political speech. That is because "[s]peech concerning public affairs is more than self-expression; it is the essence of self-government." *Garrison v. Louisiana*, 379 U.S. 64, 74–75 (1964).

3. The constitutional importance of political speech is not limited to spoken words. The Supreme Court has clearly established that political clothing and signs are "expression within the protection of the First Amendment." *Minnesota Voters All. v. Mansky*, 585 U.S. 1, 11 (2018).

4. Nonetheless, the Armed Forces Retirement Home ("AFRH") prohibits the retired military veterans who live there from wearing clothing or displaying signs with "political slogans."

5. This is not a suggestion. Officials at AFRH have personally threatened Mr. Fuselier with eviction for trying to wear a Trump hat and displaying a MAGA-style political sign.

6. Mr. Fuselier brings this suit to ensure that every American remains free to express their views on public affairs, including those who have taken up arms to preserve that sacred right.

## PARTIES

7. Plaintiff and Putative Class Representative Johnny Fuselier brings this suit on behalf of himself and all others similarly situated. He is a U.S. Navy retiree, a Vietnam War veteran, and a paying resident at the Armed Forces Retirement Home in Gulfport, Mississippi.

8. Mr. Fuselier supports President Trump and other Republican candidates. He wants to wear a hat with the slogan "Trump 2024 Save America Again!" at the retirement home where he lives. He also wants to wear or display other political slogans such as "Let's Go Brandon." But the Armed Forces Retirement Home prohibits residents from wearing or displaying political slogans. Officials of the retirement home have expressly instructed Mr. Fuselier to remove signs containing political slogans from his orthopedic walker and not to wear his Trump hat.

9. Defendant John S. RisCassi is the Chief Operating Officer of the Armed Forces Retirement Home. He is responsible for leading the AFRH, which is an independent establishment of the executive branch of the federal government authorized and governed by 24 U.S.C. § 411, *et seq*. AFRH's purpose is to provide residences and related services for certain retired and former members of the Armed Forces. Defendant John S. RisCassi is sued in his official capacity only.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and jurisdiction for civil rights violations under 28 U.S.C. §§ 1343 because Plaintiff's claims arise directly under the First Amendment and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

11. Venue is appropriate in this district under 28 U.S.C. §1391(e)(1) because a substantial part of the events giving rise to this claim occurred in this district, Defendant maintains one or more offices and employees in this district, a substantial part of the property subject to this action is situated in this district, and a plaintiff resides in this district.

## FACTUAL ALLEGATIONS

### I.     The Armed Forces Retirement Home's Resident Guide Bans Political Slogans.

12.     Pursuant to 24 U.S.C. § 415, AFRH's Chief Operating Officer is required to "[i]ssue, and ensure compliance with, appropriate rules for the operation of the Retirement Home."

13.     Under this mandate, AFRH issues Resident Guides containing policies that govern residents of its facilities in Gulfport, Mississippi (AFRH-G), and Washington, D.C. (AFRH-W).

14.     The Resident Guide for the Gulfport campus contains conduct and dress policies.

15.     The Resident Guide's conduct policy prohibits political apparel or signs. It states:

> Signs and apparel of racial, sexual, political, or ethnic slogans are not permitted…. These provisions are not intended to interfere with Residents' First Amendment rights. The First Amendment limits the government's ability to control speech and expression. Residents of AFRH-G served this country to protect our freedom, and they retain their right to engage in vigorous expression and debate.

*Gulfport Resident Guide 2024*, AFRH, at 15.[1]

16.     The Resident Guide's dress policy also prohibits political apparel. It states:

> Apparel with racial, sexual, political, or ethnic slogans is considered inappropriate dress at the AFRH-G.

*Id*. at 16.

17.     Violations of the Resident Guide can result in disciplinary action against the offending resident, including eviction from the home. The Resident Guide provides that:

> [T]he violation of AFRH-G policies will be addressed via the Home's Administrative Hearing process or other administrative disciplinary actions (verbal or written). . . . The administrative actions for these infractions may range from a reprimand, suspension of facility privileges, an apology to the offended party, counseling, or dismissal from the AFRH-G.

*Id*. at 21–22.

---

[1] https://www.afrh.gov/sites/default/files/Gulfport-Resident-Guide-2024-Final_0.pdf [https://perma.cc/7QJ2-4XGX].

## II.     Mr. Fuselier Demands AFRH Follow the First Amendment; AFRH Refuses.

18.     Mr. Fuselier wishes to express his views by wearing apparel with political slogans and affixing signs with political slogans to his orthopedic walker while at his retirement home.

19.     In particular, Mr. Fuselier wishes to wear his hat with the slogan "Trump 2024 Save America Again!," his shirt with the slogan "Let's Go Brandon," and other political apparel.

20.     Mr. Fuselier also wishes to display signs and stickers with phrases such as "Vote Republican Vote MAGA," and "Tate Reeves for Governor," as well as other political slogans.

21.     Mr. Fuselier also wishes to wear apparel and display signs supporting other Republican candidates for federal, state, and local office in future primary and general elections.

22.     In or around June and July of 2023, AFRH officials continually circulated a written announcement alerting residents that political clothing and signs were prohibited. It stated:

> POLITICAL CLOTHING/SIGNS: Per guidance from AFRH Legal & IG and the Resident Guide, clothing or signs in support of or against a CURRENT political candidate is inappropriate and not allowed at AFRH-G.

AFRH, Anns. (June 19, 2023; June 26, 2023; July 3, 2023).[2]

23.     In or around June of 2023, AFRH officials posted copies of a flyer in the home's facilities to alert residents of the political slogan ban. The flyer is attached as Exhibit 1. It stated:

> NO POLITICS ZONE
>
> With national and local elections coming up and per guidance from AFRH Legal Counsel & IG and the Resident Guide: 'Clothing with racial, sexual, political, or ethnic slogans is considered inappropriate dress at AFRH-G.'
>
> Clothing or signs that is for or against any CURRENT candidate is not allowed[.]

Flyer June 2023 (Ex. 1).

---

[2]  https://www.afrh.gov/sites/default/files/TPOW-06-19-23-thru-06-25-23.pdf [https://perma.cc/F5MC-D7W9]; https://www.afrh.gov/sites/default/files/TPOW-06-26-23-thru-07-02-23.pdf [https://perma.cc/W7YM-V4LE]; https://www.afrh.gov/sites/default/files/TPOW%2007-03-23%20thru%2007-09-23.pdf [https://perma.cc/KZ6KNP5T]

24. After this announcement and flyer were published, Mr. Fuselier spoke separately with both the Administrator and the Chief of Resident Services ("Resident Officer") of the Gulfport campus and demanded that AFRH permit him to wear and display political slogans.

25. Both the Administrator and the Resident Officer informed Mr. Fuselier that he would not be allowed to wear or display political slogans at the retirement home.

26. Mr. Fuselier also asked the Administrator and the Resident Officer of the Gulfport campus what purpose AFRH sought to achieve through the ban on political apparel and signs.

27. Both the Administrator and the Resident Officer informed Mr. Fuselier that AFRH was simply trying to ensure that the residents would "get along."

28. Mr. Fuselier has resided at AFRH for ten years. In that time, he has never witnessed or had knowledge of any disruption caused by residents wearing or displaying political slogans.

**III.     AFRH Officials Order Mr. Fuselier to Stop Displaying Political Signs.**

29. In or around late-June of 2023, Mr. Fuselier affixed two printed signs to his orthopedic walker while in the common areas of the retirement home where he lives.

30. One of the signs contained the phrase "2024 – Make Us Great Again."

31. The other sign contained the phrase "Let's Go To Brandon MS."

32. The Resident Officer confronted Mr. Fuselier and ordered him to remove the signs from his orthopedic walker.

33. When Mr. Fuselier asked what would happen if he did not remove the signs, the Resident Officer responded that he would schedule an administrative hearing, and that Mr. Fuselier could be evicted from his home.

34. Fearing punishment and potential eviction, Mr. Fuselier complied with the Resident Officer's directive and removed the signs from his orthopedic walker.

35. Had the Resident Officer not ordered Mr. Fuselier to remove the signs from his walker, Mr. Fuselier would have kept those and other political signs on his orthopedic walker.

36. Had the Resident Officer not ordered Mr. Fuselier to remove the signs from his walker, Mr. Fuselier would also have worn his Trump hat, his "Let's Go Brandon" shirt, and other political apparel in the common areas of the retirement home.

37. Mr. Fuselier's "2024 – Make Us Great Again" sign and "Let's Go To Brandon MS" sign did not cause any altercations with other residents.

38. Fearing punishment, and in accordance with the Resident Officer's order, Mr. Fuselier has not displayed any signs while in the common areas of campus since late-June of 2023.

39. Fearing punishment, and in accordance with the Resident Officer's order, Mr. Fuselier has not worn his Trump hat, his "Let's Go Brandon" shirt, or other political apparel while in the common areas of campus since late-June of 2023.

**IV.    AFRH Officials Order Mr. Fuselier Not to Wear Political Apparel.**

40. In or around September of 2023, AFRH officials held a "town hall" meeting in which the Resident Officer reiterated that political apparel and signs were prohibited.

41. In or around February of 2024, AFRH officials again posted copies of a flyer to alert residents of the political slogan ban. The flyer is attached as Exhibit 2. It stated:

> NO POLITICS ZONE
>
> With national and local elections coming up and per guidance from AFRH Legal Counsel & IG and the Resident Guide: 'Clothing with racial, sexual, political, or ethnic slogans is considered inappropriate dress at AFRH-G.'
>
> 'The First Amendment limits the government's ability to control speech and expression. Residents of AFRH-G served this country to protect our freedom, and they retain the right to engage in vigorous expression and debate.'

Flyer February 2024 (Ex. 2).

6

42.  After this flyer was posted, Mr. Fuselier again spoke with the Resident Officer and demanded that AFRH allow him to wear his "Trump 2024 Save America Again!" hat, his "Let's Go Brandon" shirt, and other political apparel in campus common areas.

43.  The Resident Officer ordered Mr. Fuselier not to wear any political apparel in the common areas of the Gulfport campus.

44.  Fearing punishment, and in accordance with the Resident Officer's order, Mr. Fuselier continued to refrain from wearing his "Trump 2024 Save America Again!" hat, his "Let's Go Brandon" shirt, or any other political apparel in the common areas of the retirement home.

45.  Had the Resident Officer not again ordered Mr. Fuselier to refrain from wearing political apparel, Mr. Fuselier would have worn such apparel in the common areas of the Gulfport campus to express his political views.

V.   **The Political Slogan Ban Remains in Force.**

46.  In or around July and August of 2024, AFRH officials again continually circulated a written announcement to remind residents of the political apparel ban. It stated:

> NO POLITICS: As per Resident Guide (Pg. 16): 'Clothing with racial, sexual, political, or ethnic slogans is considered inappropriate dress at AFRH-G' If there are concerns regarding dress within the confines of the campus, please notify security or Resident services to address the concerns.'

AFRH, Anns. (July 29, 2024; Aug. 5, 2024; Aug. 19, 2023).[3]

47.  On or around August 11, 2025, AFRH officials held another "town hall" meeting, during which Defendant RisCassi reiterated that residents are prohibited from wearing political apparel at any time in the areas of campus that are generally accessible to residents.

---

[3]  https://www.afrh.gov/sites/default/files/TPOW-07-29-24-thru-08-04-24.pdf [https://perma.cc/K4DT-J97C]; https://www.afrh.gov/sites/default/files/TPOW-08-05-24-thru-08-11-24.pdf [https://perma.cc/LYV5-TGCQ]; https://www.afrh.gov/sites/default/files/TPOW%2008-19-24%20thru%2008-25-24.pdf [https://perma.cc/NS3M-8GXY].

48. After this meeting, Mr. Fuselier again spoke with the Administrator of the Gulfport campus and demanded that AFRH permit him to wear and display political slogans in the common areas of the campus.

49. The Administrator ordered Mr. Fuselier not to wear or display political slogans in the common areas of the Gulfport campus.

50. If the political slogan ban did not remain in force, Mr. Fuselier would wear political apparel and display political signs while in the common areas of AFRH's Gulfport campus.

51. Other residents of the AFRH Gulfport retirement community have complied with instructions from AFRH officials to remove political apparel that they were wearing at the time.

52. Other residents of the AFRH Gulfport retirement community would wear political apparel or display political signs in the common areas of the campus if they did not fear punishment under the political slogan ban.

**INJURY**

53. AFRH's political slogan ban injures the named Plaintiff and class members because it infringes on their First Amendment right to convey political messages they wish to advocate for.

54. The injuries of the named Plaintiff and other class members are ongoing because, but for the political slogan ban, they would wear apparel and display signs containing political slogans to express their political views.

55. The named Plaintiff and other class members are in immediate danger of direct injury from AFRH's political slogan ban because they wish to wear politically expressive clothing and display politically expressive signs for the purpose of advocating for their political views.

56. The named Plaintiff and class members are at constant risk of punishment for wearing or displaying political slogans, which has a chilling effect on their core protected speech.

## CLASS ACTION ALLEGATIONS

57. Plaintiff seeks to litigate this case for himself and on behalf of a class of all others similarly situated.

58. Plaintiff proposes the following class definition: all current residents at the Armed Forces Retirement Home retirement community located in Gulfport, Mississippi (AFRH-G).

59. This action satisfies the requirements of Rule 23(a) and qualifies for certification under Rule 23(b)(2).

60. The class currently consists of approximately 494 residents, which is sufficiently numerous that joinder would be impracticable. Fed. R. Civ. P. 23(a)(1).

61. The class is affected by a common question of law: does the political slogan ban violate the First Amendment? Fed. R. Civ. P. 23(a)(2).

62. The Putative Class Representative brings a claim that is typical of other class members. Fed. R. Civ. P. 23(a)(3). The political slogan ban prohibits the constitutionally protected speech of the Putative Class Representative, just as it prohibits the constitutionally protected speech of other class members.

63. The Putative Class Representative will serve as an adequate class representative. Fed. R. Civ. P. 23(a)(4). There is no conflict of interest between the representative and members of the class, and he is prepared to vigorously assert the interests of all members of the class.

64. Because the Defendant has implemented the political slogan ban through a policy that is generally applicable to all members of the class, it is appropriate for injunctive and declaratory relief to be provided on a classwide basis. Fed. R. Civ. P. 23(b)(2).

65. Class counsel is an experienced litigator well-versed in this case and the legal issues implicated by it. *See* Fed. R. Civ. P. 23(g).

## CAUSES OF ACTION

### CLAIM I: Violation of the First Amendment

66. Plaintiff re-alleges and re-incorporates the preceding paragraphs.

67. The First Amendment prohibits government from abridging the freedom of speech.

68. AFRH's policy, practice, and custom of prohibiting political apparel and signs constitutes an ongoing abridgement of the named Plaintiff's and class members' free speech rights.

69. Wearing clothing with a political message for the purpose of expressing that message is protected by the free speech clause of the First Amendment.

70. Likewise, displaying signs with political messages is a form of expression protected by the First Amendment.

71. The political slogan ban is not narrowly drawn to further a compelling state interest.

72. In light of the purpose served by the retirement home, there is no reasonable basis for prohibiting political apparel or signs at the home.

73. The First Amendment prohibits restrictions on speech which fail to provide fair notice of prohibited conduct.

74. A government policy is unconstitutionally vague if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits.

75. AFRH's policy prohibiting apparel and signs containing "political slogans" is facially vague because it fails to provide residents sufficient information to know what is restricted or what is required of them so that they may act accordingly.

76. AFRH's policy prohibiting apparel and signs containing "political slogans" is facially vague because it fails to provide sufficient precision and guidance so that those enforcing the policy do not act in an arbitrary or discriminatory way.

77. AFRH's policy, which fails to provide residents with sufficient information to conform their conduct to the requirements of the policy, chills the named Plaintiff and class members from engaging in protected First Amendment speech.

78. The First Amendment prohibits regulations that regulate substantially more speech than the Constitution allows to be regulated.

79. AFRH's policy prohibiting apparel and signs containing "political slogans" is substantially overbroad because it reaches a substantial amount of protected First Amendment expression relative to any legitimate sweep.

80. To the extent AFRH's policy prohibiting apparel and signs containing "political slogans" has any constitutionally permissible application, its reach is so broad that it chills a substantial amount of constitutionally protected speech.

81. The reach of AFRH's policy prohibiting apparel and signs containing "political slogans" serves only to chill the named Plaintiff and class members from engaging in the full array of protected First Amendment expression at the retirement home where they live.

82. The named Plaintiff and class members are entitled to a declaration under 28 U.S.C. § 2201 that AFRH's policy, practice, and custom of prohibiting political apparel and signs violates the First Amendment.

83. As a direct and proximate result of AFRH's adoption and enforcement of the political slogan ban, the named Plaintiff and class members have suffered and continue to suffer irreparable injury, including being deprived of their constitutional right to wear political apparel and display political signs in the common areas of the retirement home where they live. The named Plaintiff and class members are entitled to prospective injunctive relief.

84. The denial of a constitutional right is an irreparable injury per se.

85. But for the political slogan ban, the named Plaintiff would wear political apparel in the common areas of the retirement home where he lives.

86. But for the political slogan ban, the named Plaintiff would display signs related to political candidates and views in the common areas of the retirement home where he lives.

87. But for the political slogan ban, other class members would wear political apparel or display political signs in the common areas of the retirement home where they live.

88. The named Plaintiff and class members have no adequate legal, administrative, or other remedy by which to prevent or minimize the continuing irreparable harm to their rights.

89. Without declaratory and injunctive relief, AFRH's suppression and chill of the named Plaintiff's and class members' First Amendment rights will continue and they will suffer per se irreparable harm indefinitely.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following:

A. A declaration that the political slogan ban violates the First Amendment;

B. A preliminary and permanent injunction against the political slogan ban;

C. An award to the named Plaintiff of his costs and attorney fees; and

D. Any other relief that the Court deems appropriate.

RESPECTFULLY SUBMITTED, this the 26th day of August, 2025.

/s/ *Aaron R. Rice*
Aaron R. Rice
MS Bar No. 103892
AMERICAN DREAM LEGAL
611 S. Pear Orchard Rd., Unit 1614
Ridgeland, MS 39157
Tel: (601) 879-5595
aaron.rice@americandreamlegal.org

*Attorney for Plaintiff*

## VERIFICATION

I, Johnny Fuselier, the Plaintiff in this action, declare under penalty of perjury that the factual allegations contained in the foregoing Verified Complaint are true and correct.

Executed this the 25th day of August, 2025, at Gulfport, Mississippi.


Johnny Fuselier

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing document with the Clerk of the Court using the ECF system and I have mailed by Certified U.S. mail the document to the following:

Patrick Lemon  
Acting United States Attorney  
Southern District of Mississippi  
Attn: Civil-Process Clerk  
U.S. Attorney's Office  
501 E. Court St.  
Suite 4.430  
Jackson, MS 39201  

John S. RisCassi  
Chief Operating Officer  
Armed Forces Retirement Home  
3700 N. Capitol St. NW  
Washington, DC 20011-8400  

Pamela Bondi  
United States Attorney General  
U.S. Department of Justice  
950 Pennsylvania Avenue, NW  
Washington, DC 20530-0001  

This the 26th day of August, 2025.

/s/ *Aaron R. Rice*  
Aaron R. Rice