IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY FUSELIER, INDIVIDUALLY AND ON BEHALF OF A CLASS OF ALL OTHERS SIMILARLY SITUATED | PLAINTIFF |
| V. | NO. 1:25-cv-268-HSO-BWR |
| JOHN S. RISCASSI, IN HIS OFFICIAL CAPACITY AS THE CHIEF OPERATING OFFICER OF THE ARMED FORCES RETIREMENT HOME | DEFENDANT |

DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

Plaintiff Johnny Fuselier is a current resident of the Armed Forces Retirement Home ("AFRH") in Gulfport, Mississippi. The AFRH-Gulfport is one of two facilities created by statute "to provide . . . residences and related services for certain retired and former members of the Armed Forces."[1] To become an AFRH resident, applicants are required to sign a Residency Agreement agreeing to be bound by the written rules and policies of the facility.[2] The primary policy at issue in this lawsuit reads as follows:

> 10. **Conduct and Dress:** The atmosphere and harmony of the AFRH-G is largely dependent on the Resident's ability to get along with others. Cooperation and respect of the rights of others will enhance the traditions of the AFRH-G as a special place. In support of the community living atmosphere, the following conduct and dress requirements are expected of Residents. . . .
>     b. **Dress:** In public spaces, Residents are expected to wear clothing that is clean, neat, serviceable, and conducive to adult living. Clothing with racial, sexual, political, or ethnic slogans is considered inappropriate dress at the AFRH-G.[3]

This policy prohibits residents from wearing clothing with political slogans in common areas, such as in the cafeteria. The are no such restrictions on dress inside the private residential areas.

---

[1] 24 U.S.C. § 411(b).
[2] Residency Agreement [13-2] at 4.
[3] AFRH-Gulfport Resident Guide effective July 18, 2023 [13-1] at 55.

Fusilier alleges that, after signing the Residency Agreement, he either requested to, or wanted to, wear apparel in the AFRH-Gulfport common areas with political slogans such as "Trump 2024 Save America Again!," "Let's Go Brandon," "Vote Republican Vote MAGA," and "Tate Reeves for Governor."[4] His requests were subsequently denied by the AFRH-Gulfport administration in accordance with the above-cited policy.[5] Dissatisfied with this decision, Fuselier then filed the present action seeking an injunction to block AFRH's enforcement of its conduct and dress code policy claiming that the policy violates his First Amendment right to free speech.[6] He also filed a motion for preliminary injunction seeking to enjoin AFRH-Gulfport from enforcing the above policy while his case is pending.[7]

The fundamental question at issue in this case is whether the common areas of the AFRH-Gulfport are a "limited public forum" or a "designated public forum" as those terms have been defined by the Supreme Court. Regulations on speech in designated public forums are subject to strict scrutiny, meaning they must be narrowly tailored to serve a compelling state interest. *Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 426 (5th Cir. 2020). Regulations on speech in limited public forums, on the other hand, are subject to a lesser standard and are allowed as long as they are reasonable and do not discriminate based on viewpoint. *Id.* at 426-27.

Fuselier contends that the common areas are designated public forums[8] and that Defendant's enforcement of its dress code policy against him does not survive strict scrutiny. As explained more fully in Defendant's Response [13] to Plaintiff's Motion for Preliminary Injunction, however, the common areas are not designated public forums. They are limited public forums, and

---

[4] Complaint [1] at 4.
[5] *Id.* at 5.
[6] *Id.* at 12.
[7] Plaintiff's Motion for Preliminary Injunction [3].
[8] *See* Plaintiff's Memorandum in Support of Motion for Preliminary Injunction [4] at 4-6.

2

the AFRH's dress code is reasonable in light of the AFRH's purpose to promote a harmonious environment for its residents, visitors, and employees. Fuselier, therefore, cannot succeed on his claims, which should be dismissed with prejudice.

Defendant notes that Fuselier, in his preliminary injunction briefing, repeatedly refers to Defendant's restrictions as restrictions on political speech in "the home" of its residents. *See e.g.,* Plaintiff's Memorandum in Support of Motion for Preliminary Injunction [4] at 1 (stating incorrectly that Defendant seeks to impose "a sweeping, content-based prohibition on passive political speech in one's home"); *id.* at 3 (stating incorrectly that Defendant "claims that *civilians* wearing political attire *in the home where they live* will 'promote discord' among active duty servicemembers who happen to work in the administrative offices of the complex") (emphasis in original). But as stated above, the living quarters of the AFRH-Gulfport residents are separate from the common areas open to all residents (such as the cafeteria), and there are no limitations of speech in the private living quarters, nor has Fuselier alleged that he has been prohibited from wearing certain clothing in his "home"—*i.e.,* his private living space. To the contrary, the policy itself expressly states that it only applies "[i]n public spaces."[9] Fuselier's attempts to portray the policy as restricting political speech in his "home," should therefore be rejected as contrary to the undisputed facts.

## CONCLUSION

For these reasons, Defendant's motions for summary judgment should be granted, and judgment should be entered in Defendant's favor as a matter of law.

Date: January 22, 2026

                                              Respectfully submitted,

                                              J.E. Baxter Kruger
                                              United States Attorney for the
                                              Southern District of Mississippi

---

[9] AFRH-Gulfport Resident Guide effective July 18, 2023 [13-1] at 55.

*s/ James E. Graves, III*
James E. Graves, III (MSBN 102252)
Jessica Bourne Williams (MSBN 103922)
Assistant United States Attorneys
501 East Court Street, Suite 4.430
Jackson, Mississippi 39201
Telephone: (601) 965-4480
Facsimile: (601) 965-4032
James.Graves@usdoj.gov;
Jessica.Williams3@usdoj.gov
