## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**JOHNNY FUSELIER,** *individually*                                    **PLAINTIFF**
*and on behalf of a class of all others*
*similarly situated*


**v.**                                                    **Civil No. 1:25-cv-268-HSO-BWR**


**JOHN S. RISCASSI,** *in his official*
*capacity as the Chief Operating*
*Officer of the Armed Forces*
*Retirement Home*                                                **DEFENDANT**

## <u>ORDER DIRECTING ATTORNEY AARON RANDALL RICE TO SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED UNDER FEDERAL RULE OF CIVIL PROCEDURE 11</u>

In this First Amendment case, Counsel for Plaintiff, Aaron Randall Rice, filed a Response brief [20] that contained inaccurate citations and quotations, as follows:

1.  On page four of Plaintiff's Response [20] in Opposition to Defendant's Motion [18] for Summary Judgment, Mr. Rice cited the following case which does not appear to exist: "*Rodriguez v. It's Just Lunch, Int'l*, 2013 WL 12173926 (5th Cir. 2013)." Resp. [20] at 4. The federal reporter number belongs to *Vasudevan Software, Incorporated v. Microstrategy, Incorporated*, No. 11-cv-06637-RS, 2013 WL 1217396 (N.D. Cal. Oct. 17, 2013), and the case caption appears to belong to *Rodriguez v. It's Just Lunch, International*, No. 07 Civ. 9227-SHS, 2013 WL 1749590 (S.D.N.Y. Apr. 23, 2013).

In addition to this being a fictitious case, Plaintiff's Response [20] contains quotations that do not appear in real cases, mischaracterizations of case law, and inaccurate statements of fact, as follows:

2.  On pages six and seven of Plaintiff's Response [20] in Opposition to Defendant's Motion [18] for Summary Judgment, Mr. Rice states that the

> AFRH fails to identify any "actual problem" necessitating this sweeping ban, relying instead on *ipse dixit* assertions that passive political expression is disruptive. [citation omitted].  But the Supreme Court has unequivocally foreclosed that argument, holding that the wearing of political slogans is "**nondisruptive by nature.**" *Minnesota Voters All. v. Mansky*, 585 U.S. 1, 19 (2018).

Resp. [20] at 6-7 (emphasis added).  Counsel inserts the word "by" into the quote, cites the incorrect page number, and misrepresents the holding.  In fact, the Supreme Court stated:

> To be sure, our decisions have noted the 'nondisruptive' nature of expressive apparel in more mundane settings.  But those observations do not speak to the unique context of a polling place on Election Day.

*Mansky*, 585 U.S. at 15.  The Supreme Court did not use the phrase "nondisruptive by nature" and Counsel's quote misrepresents the Supreme Court's quote.  The Supreme Court noted that wearing passive political apparel *could* be disruptive depending on the setting, like in a polling place.

3.  On page eight of Plaintiff's Response [20] in Opposition to Defendant's Motion [18] for Summary Judgment, Mr. Rice repeats this inaccurate statement:

> [a]s Plaintiff has repeatedly demonstrated, [citing other filings], the Supreme Court has unequivocally held that the wearing of political slogans is "**nondisruptive by nature.**" *Minnesota Voters All. v. Mansky*, 585 U.S. 1, 3 (2018).  AFRH has not produced a shred of evidence to the contrary.

2

Resp. [20] at 8 (emphasis added). Again, Counsel alters the Supreme Court's statement by adding the word "by," cites to the syllabus of the opinion rather than to the opinion itself, and mischaracterizes the holding.

The Fifth Circuit and other courts recognize a court's inherent authority to sanction for abuse of judicial process, in addition to a court's power to do so under Federal Rule of Civil Procedure 11. *See Fletcher v. Experian Info. Sols., Inc.*, 168 F.4th 231, 239 (5th Cir. 2026); *Disability Rts. Mississippi v. Palmer Home for Child.*, No. 1:24-cv-99-SA-DAS, 2025 WL 3691876, at \*3, \*4 (N.D. Miss. Dec. 19, 2025) (discussing the district court's power under Federal Rule of Civil Procedure 11 and its power to punish for "abuse of judicial process").

> Federal Rule of Civil Procedure 11 provides in relevant part:
>
> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> . . .
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

Fed. R. Civ. P. 11(b)(2).

This duty applies to all pleadings, written motions, and other papers submitted to the Court. *See* Fed. R. Civ. P. 11(a); *Thomas v. Capital Sec. Servs., Inc.,* 836, 870 (5th Cir. 1988). Under Rule 11, an attorney has an obligation to review and verify the information contained in their brief and the cases cited before he or she submits it. *See Fletcher*, 168 F.4th at 239 ("[Counsel] failed to check her own brief before submitting it, leading her to repeatedly misrepresent the law to the

3

court.") (citing Fed. R. Civ. P. 11(b) and (c) advisory committee's note to 1993 amendment); *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) ("At the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely.  Indeed, we can think of no other way to ensure that the arguments made based on those authorities are warranted by existing law, or otherwise legally tenable.") (citations omitted and internal question marks omitted); *Disability Rts. Mississippi*, 2025 WL 3691876, at *3-5 (discussing an attorney's obligations under Rule 11 and their duty to conduct a reasonable inquiry into the law and facts of the case).

Based on the instances outlined above, Mr. Rice is directed to **SHOW CAUSE** on or before May 15, 2026, why the Court should not impose sanctions for citing an apparently fictitious case and misrepresenting the quotations from a Supreme Court case.  In addition to explaining his actions, Mr. Rice is **ORDERED** to do all the following in his response:

(1) Disclose the extent to which he used artificial intelligence ("AI") in conducting legal research;
(2) Disclose the extent to which he used AI to draft his Response [20] and all other briefs submitted in this case;
(3) Disclose what measures he took—if any—to verify the citations, quotations, and propositions in the foregoing cases; and
(4) To provide the Court with a copy of "*Rodriguez v. It's Just Lunch, Int'l*, 2013 WL 12173926 (5th Cir. 2013)."

**SO ORDERED AND ADJUDGED**, this the 1st day of May, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

4